## Taulane Estate.

20

Argued April 27, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Paul Maloney,* with him *Stanley B. Cooper,* and *Pepper, Hamilton & Scheetz,* for appellants.

*William J. Woolston,* for accountant, appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, June 28, 1962:

This appeal questions the propriety of a decree of the Orphans' Court of Montgomery County which, inter alia, directed payment of a $4,000 counsel fee.

On February 19, 1955, Lewis B. Taulane died, testate, survived by a wife, A. Virginia Taulane, and two

children, Joseph H. Taulane and Helen T. Webster. These survivors together with Harry J. Alker, Jr., Esq. were named as executors under the will and letters testamentary were issued to them on September 27, 1955. Some time later, the widow, A. Virginia Taulane, having become incompetent, the Liberty Real Estate Bank and Trust Company of Philadelphia was appointed as her guardian and she was removed as an executor of this estate.

On November 21, 1958, Helen T. Webster and Joseph H. Taulane petitioned the Orphans' Court of Montgomery County for the removal of Harry J. Alker, Jr. as an executor of this estate.[1] To that petition Alker filed an answer.

Alker then petitioned the Orphans' Court of Montgomery County to have his co-executors join in filing an account in this estate, a petition which was answered by one of the co-executors. Alker then resigned as executor on February 17, 1959. On March 23, 1959 Alker represented by three counsel, filed an account as a co-executor. This account provided for the payment of a $7500 counsel fee to Attorneys Frank Truscott, W. B. Allen and Leon H. Fox, counsel for Alker, for

---

[1] The ground upon which Alker's removal was sought were: (a) that Alker on September 26, 1956 was found guilty in the U. S. District Court for the Eastern District of Pennsylvania of attempting to evade the income tax laws by filing false and fraudulent returns for 1947, 1948, 1949 and 1950; (b) that on April 8, 1957 Alker was found guilty in the same court of attempting to evade the estate tax laws by submitting false and fraudulent statements in connection with the Estate of Winifred S. Hurst, deceased; (c) that on March 7, 1959 Alker had been removed as an executor and trustee in the George W. Rentschler Estate by the Orphans' Court of Philadelphia County which removal was affirmed by this Court on March 17, 1958 and certiorari denied by the U. S. Supreme Court on October 20, 1958; (d) that on February 28, 1956, Alker was barred from practicing before the U. S. Treasury Department; (e) that the interests of this estate are likely to be jeopardized by Alker's continuance as a co-executor.

services rendered in the preparation and filing of the account of Alker as executor. Helen T. Webster and Joseph H. Taulane filed objections to the payment of such counsel fee. After hearing, the court below allowed a counsel fee in the amount of $4,000 and from that action of the court below this appeal was taken.

Two questions are presented: (1) should *any* counsel fees be allowed in this situation?; (2) if allowed, is the amount of $4,000 reasonable under the circumstances?

Appellants take the position that those claiming counsel fees must prove that the fee claimed was for services which were of benefit to the estate as such rather than the executor personally[2] and that, in order to support the allowance of *any* fee, it was incumbent on those claiming such fee to establish the extent of the services rendered, the period over which they were rendered and the amount of time involved.

In *Bickel Appeal,* 388 Pa. 270, 276, 277, 130 A. 2d 498, this Court, speaking through the late Mr. Justice CHIDSEY, stated: "In Good's Estate, 150 Pa. 307, 310, this Court stated: 'The amount of fees to be allowed to counsel, always a subject of delicacy if not difficulty, is one peculiarly within the discretion of the court of first instance. Its opportunities of judging the exact amount of labor, skill and responsibility involved, as well as its knowledge of the rate of professional compensation usual at the time and place,[3] are necessarily greater than ours, and its judgment should not be in-

---

[2] It is implicit in appellants' position that the services rendered by counsel for Alker were rendered for him personally in resisting his removal as executor, etc., and that the services rendered in the preparation and filing of the account were de minimis.

[3] There was testimony that the minimum fee under the schedule of the Montgomery County Bar Association for counsel fees for an estate of the size of this estate would be $9,368.47 plus $250 where a federal estate tax is involved.

terfered with except for plain error . . . .' Both Good's Estate and Rambo's Estate, 327 Pa. 258, 266, 193 A. 1, of similar import, have been cited with approval in [citing four cases]. In Rambo's Estate, supra, we said: 'This court has frequently held that the allowance or disallowance of counsel fees rests generally in the judgment of the court of the first instance and its decision will not be interfered with except for palpable error: . . .'."

The court below first eliminated from any consideration services rendered by these counsel to Alker in resisting his removal and then stated: "Suffice it to say that from the various proceedings and conferences in which this court has participated it has sufficient knowledge that these three attorneys were confronted with unusual problems and unusual circumstances. In my opinion they have succeeded . . . in stating an account which as closely as possible approximates the actual administration of this estate. I think they are to be commended for their efforts in an estate which all parties agree was a 'real hodge-podge—a real mess'." The court below further found that these counsel "did render valuable and beneficial legal services for which they are entitled to reasonable compensation" and, in the exercise of its discretion, reduced the requested amount of counsel fee from $7500 to $4,000. Under the circumstances it cannot be found that the court below palpably erred. Our independent examination of this record indicates that the court below acted neither arbitrarily nor in a manner inconsistent with the evidence before it. Absent any palpable error the discretion and judgment of the court below must stand.

Decree affirmed. Costs on estate.

Mr. Justice COHEN would further modify the fee.